UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 08-109-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| ALAN ANDREW HELVEY, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition (also known as a

Report and Recommendation or "R&R") [R. 126] filed by United States Magistrate Judge Hanly

A. Ingram.  The Defendant, Alan A. Helvey, allegedly violated the terms of his supervised

release.  [*Id*. at 2.]  This is the second time Defendant Helvey has been reported for a supervised

release violation.  [*Id*.]  The violation report charged Helvey with four distinct violations, three

of which related to an incident occurring on July 4, 2013.  Specifically, Helvey was charged with

violating the conditions of his release by: 1) failing to notify the USPO within seventy-two hours

that he had received prescriptions for hydrocodone; 2) committing another federal, state, or local

crime; 3) frequenting places where controlled substances are illegally sold, used, distributed, or

administered; and 4) associating with a person engaged in criminal activity.  [*Id*. at 1-2.]  Upon

notification of that violation, the Court issued an arrest warrant. [R. 120.]  This matter was then

referred to Judge Ingram to conduct a final revocation hearing and recommend a proposed

disposition of the matter.  [R. 125.]

On July 26, 2013, Judge Ingram conducted a final hearing on revocation of Helvey's

supervised release. [R. 124.]  At the revocation hearing, Helvey stipulated to all four charged violations.  Officer Scott Greiwe also stated on the record that Helvey had tested positive for oxycodone after his arrest on the violations, but the United States did not seek to add this as an additional charged violation.  The parties presented a joint recommendation, not binding on the court, of revocation with a sentence of incarceration for the week that Helvey had already served, followed by a thirty-six month period of supervised release which would include a period of "enhanced supervision" requiring Helvey to report to Officer Greiwe on a weekly basis.

Nine days after the hearing, Judge Ingram issued an R&R, [R. 126] recommending acceptance of the parties' joint recommendation as sufficient to comply with §3553. [*Id*. at 6.] Judge Ingram noted that the recommendation of one week of incarceration already served by the Defendant is significantly below the applicable Guideline range for 4-10 months for Helvey's second violation of a supervised release.  [*Id*. at 5, 7.]  Judge Ingram explained, however, that he thought a departure from the Guidelines range was appropriate in this case because Helvey did not have a long criminal history, he was not primarily responsible for the criminal conduct at issue in this violation, the breach of the Court's trust in this instance was "relatively minor," and Helvey is in need of further rehabilitation apart from incarceration.  [*Id*. at 6.]  In support of his recommendation, Judge Ingram further noted that Harvey has a good employment record, has taken steps on his own initiative to obtain treatment for his drug problems, and has attempted to improve his life and that of his children.  [*Id*. at 7.]  Judge Ingram also recognized that Helvey has a difficult situation in trying to monitor his wife's behavior around his children because of her drug addiction.  [*Id*. at 6.]  However, Judge Ingram sternly warned Harvey that any further violations would likely result in a significant period of incarceration. [*Id*. at 7.]

In light of these considerations, Judge Ingram recommended that the Court re-impose a 36-month term of supervised release as previously imposed with certain enhanced modifications, including weekly reports to the USPO and certain limits on Harvey's contact with his wife. [*Id.* at 7-8.] The R&R concluded by directing the parties' attention to the relevant statute which requires any objections to be filed within fourteen (14) days of service. [*Id.* at 8-9.] *See* 28 U.S.C. § 636(b)(1). Helvey has advised the Court that he does not object to the R&R, and he has submitted a Waiver of Allocution signed by both himself and his counsel. [R. 127.]

Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record, and it agrees with the Magistrate Judge's Recommended Disposition. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1)     The Recommended Disposition [R. 126] as to Alan Andrew Helvey is **ADOPTED** as and for the Opinion of the Court;

(2)     The Defendant, Alan Andrew Helvey, is found to have violated the terms of his Supervised Release as set forth in the Petition filed by the United States Probation Office;

(3)     Helvey's Supervised Release is **REVOKED** with incarceration for the one week already served in custody by Defendant Helvey;

(4)     A term of supervised release is **RE-IMPOSED** for a term of thirty-six (36)

months minus the one week served, under the previously imposed conditions [R. 111] as modified below;

     (5)     A modification of the conditions to require Helvey to report weekly to the USPO on a regular day and time set at the USPO's discretion; and

     (6)     A modification of the conditions to require Helvey to only have contact with his wife as necessary to ensure the welfare of their children.

     (7)     The allocution hearing has been **WAIVED** [R. 127];

     (8)     Judgment shall be entered promptly.

This 2nd of October, 2013.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge